UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN HINE, on Behalf of Himself and All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:17 CV 2803 RWS<br>) |
| SCOTTRADE, INC., and DOES 1 through 25, inclusive, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Defendant Scottrade moves to dismiss this putative class action on the grounds that Plaintiff Stephen Hine's complaint is barred by res judicata. Hine alleges that Scottrade breached its brokerage agreement with him and other customers by failing to prevent a data breach in 2013.[1] His complaint was previously consolidated with other Scottrade customers' complaints arising from the same set of facts. The consolidated complaint was dismissed with prejudice by United States Magistrate Judge Shirley P. Mensah. Duqum v. Scottrade, Inc., No. 4:15 CV 1537 SPM, ECRFF No. 80 (E.D. Mo. Aug. 2, 2016). Upon appeal, the United States Court of Appeals for the Eighth Circuit affirmed the dismissal with prejudice, for failure to state a claim upon which relief can be granted. Kuhns v. Scottrade, Inc., 868 F.3d 711, 714 (8th Cir. 2017). Because Hine was a party to the consolidated complaint, he seeks the same relief in this complaint, and the Eighth Circuit's judgment was final, I will find that res judicata bars his complaint.

---

[1] Hine alleges related claims of implied contract, negligence, unjust enrichment, and California state law claims under the California Customer Records Act (Civil Code §1798.80, et seq.) and the California Unfair Competition Law (Bus. & Prof. Code §17200, et seq.).

## BACKGROUND

In 2013, hackers breached Scottrade's computer security system and stole Stephen Hine's and other customers' personal identifiable information. The hackers later used that information for a stock price manipulation scheme, illegal gambling websites, and a Bitcoin exchange. The Federal Bureau of Investigation notified Scottrade of the breach in late August 2015. After receiving FBI approval in September 2015, Scottrade sent a letter to its customers notifying them of the breach and offering free enrollment in identity repair protection services. Between October and December 2015, Hine and three other named plaintiffs filed separate, but largely identical, putative class actions complaints in United States District Courts in California, Missouri, and Florida. See Hine v. Scottrade, Inc., No. 3:15 CV 2213 (S.D. Cal); Duqum v. Scottrade, Inc., No. 4:15 CV 1537 (E.D. Mo); Kuhns v. Scottrade, Inc., 4:15 CV 1812 (E.D. Mo); Martin v. Scottrade, Inc., No. 8:15 CV 2791 (M.D. Fla). Their complaints allege that Scottrade breached its brokerage agreement with them, breached an implied contract, acted negligently, was unjustly enriched, and violated state consumer laws. Hine and Martin agreed to transfer their cases to the Eastern District of Missouri and consolidate with Kuhns' and Duqum's claims in one complaint.

Once the cases were consolidated, the magistrate judge dismissed the complaint, with prejudice, for lack of standing. The magistrate judge found that plaintiffs had not pleaded any injury in fact under various legal theories. Duqum v. Scottrade, Inc., No. 4:15-CV-1537-SPM, 2016 WL 3683001, at *2. Hine himself did not appeal the district court's decision. Instead, he litigated his case in the Superior Court of California, County of San Diego. Kuhns, however, appealed the district court's dismissal. While his appeal was pending, Kuhns also filed a motion to voluntarily dismiss his appeal and to dismiss Scottrade's cross-appeal. Kuhns, 868 F.3d at 715. Kuhns wanted the litigation to proceed in California state court through Hine's action. Id.

The United States Court of Appeals for the Eighth Circuit denied that motion, because it was untimely. Id. at 719.

The Eighth Circuit ultimately reversed the magistrate judge's holding on standing, Id. at 716, but it affirmed the dismissal "with prejudice because the Consolidated Complaint did not state claims upon which relief can be granted." Id. at 714. The court based its reasoning on three conclusions: (1) the portion of the brokerage agreement at stake was a representation not a promise of performance; (2) Kuhns did not plead any facts to show that Scottrade failed to use "security measures that comply with federal law," or otherwise breached the terms of the Privacy Statement; and (3) Kuhns failed to plead facts that any customer suffered fraud, financial loss, or any other actual damage as a result of the breach. Id. at 717-18. The Eighth Circuit's Judgment specifically named Hine as a plaintiff bound by the judgment.

Following the Eighth Circuit's ruling that plaintiffs had Article III standing, Scottrade removed Hine's complaint to the Southern District of California. The Southern District of California then granted Scottrade's motion to transfer the case—again—to the Eastern District of Missouri.

Scottrade argues that I should dismiss Hine's complaint because it is barred by res judicata and, as the Eighth Circuit found in Kuhns, fails to state a claim upon which relief can be granted. Hine argues that, because the Eighth Circuit did not rule on his California State Law claims, res judicata does not apply.

## **LEGAL STANDARD**

In a diversity case such as this, the law of the state where the federal court sits governs the application of res judicata. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508, (2001). Res judicata is a common law doctrine that "bar[s] the reassertion of a cause of

3

action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." Lauber-Clayton, LLC v. Novus Properties Co., 407 S.W.3d 612, 618 (Mo. Ct. App. 2013). For res judicata to apply, "four identities" must occur: 1) the thing sued for; 2) the cause of action; 3) the persons and parties to the action; and 4) the quality of those persons. King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1991). If these four items are the same in both suits, then res judicata applies "to every point properly belonging to the subject matter of litigation and which the parties . . . might have brought forward at the time." Id.

The first two res judicata identities—the "thing sued for" and the "cause of action"—depend on the operative facts of the case and not the plaintiff's legal theories. Chesterfield Vill., Inc. v. City of Chesterfield, 64 S.W.3d 315, 319, 321 (Mo. 2002). As defined by the Missouri Supreme Court, "[a] claim is the aggregate of operative facts giving rise to a right enforceable by a court. The definition of a cause of action is nearly the same: a group of operative facts giving rise to one or more bases for suing." Id. at 18. If a cause of action fulfills this test, "[s]eparate legal theories are not to be considered as separate claims." King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. 1991).

The third and fourth res judicata identities pertain to the parties. A party is identical when it is "the same party that litigated the prior suit" or when it is in privity with that party. Lauber-Clayton, LLC v. Novus Props. Co., 407 S.W.3d 612, 619 (Mo. Ct. App. 2013). The "quality" of the party is the same if the person's status as an individual or representative in the action is consistent. See Jordan v. Kansas City, 929 S.W.2d 882, 887 (Mo. Ct. App. 1996) (analyzing a city's "status" in two lawsuits as a named defendant and employer of a named defendant). If all

4

of these identities are fulfilled and the court in the prior case issued a final judgment, res judicata applies and the claim is barred. King Gen. Contractors, Inc., 821 S.W.2d at 501.

## ANALYSIS

Hine argues that the second, third, and fourth res judicata identities are not met, and that therefore, res judicata does not bar his claim. Hine bases this argument on the fact that Kuhn appealed the magistrate judge's dismissal, not him. According to Hine, the Eighth Circuit never ruled on his California law claims, and the identity of his cause of action is different. For the same reason, Hine argues that he was not a party to the case dismissed by the Eighth Circuit, either in an individual or representative capacity. He cites to Eighth Circuit dicta purportedly holding that pre-certification judgments do not bind putative class members.[2] See Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 896 (8th Cir. 2014).

I reject Hine's argument. First, the cause of action, and the relief sought, in Hine's case and in Kuhns are identical. They arise from the same language in the brokerage agreements and the same 2013 security breach that constitute the operative facts in this case. Both complaints seek damages and declaratory relief that allegedly arise from Scottrade's failure to protect its customers' personal identifiable information. No different facts, transactions, occurrences, or events serve as a separate basis for Hine's claim. Hine's complaint adds California state law claims. However, "[s]eparate legal theories are not to be considered as separate claims." King Gen. Contractors, Inc., 821 S.W.2d at 501. Accordingly, Hine's complaint states the same cause of action and the same thing sued for as the complaint in Kuhns.

---

[2] From Toben, Hine cites language from a parenthetical that has no controlling authority. 751 F.3d at 896 ("Rule 23's Advisory Committee Notes similarly permit summary judgment rulings before class certification. See Fed.R.Civ.P. 23(c)(1)(A) 2003 Amendments ("Other considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.")).

As to the third and fourth identities, Hine was a party to the consolidated complaint that was dismissed with prejudice in <u>Duqum</u>. No. 4:15-CV-1537-SPM, ECF No. 31, 36, 80. Although he did not appeal himself, his case was extinguished when the Eighth Circuit affirmed under Rule 12(b)(6). <u>Kuhns</u>, 868 F.3d 711, at 716–17. ("When a district court erroneously dismisses under Rule 12(b)(1) a claim that is clearly meritless, an appellate court may affirm under Rule 12(b)(6)."). The Eighth Circuit named Hine in the judgment. <u>Duqum</u>, No. 4:15-CV-1537-SPM, ECF No. 91. The Eighth Circuit also denied Kuhns' untimely motion to dismiss his appeal. <u>Kuhns</u>, 868 F.3d at 719. Kuhns filed that motion, "so that the California state court action, and any other state court actions, may appropriately proceed." <u>Kuhns</u>, No. 16-3542, Entry ID: 4515527 at 2-3. The effort suggests that Kuhns' attorney was aware of the res judicata effect that the Eighth Circuit's Rule 12(b)(6) holding would have. In any case, Hine's party status for the consolidated complaint and his name on the judgment sheet clearly meet the party and "quality" of the party identities required for res judicata.

Because Hine's complaint satisfies the four identities and the ruling in <u>Kuhns</u> is final, res judicata bars Hine's cause of action arising from the 2013 data breach.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, [No. 34], is **GRANTED**.

An Order of Dismissal will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2018.